
**SO ORDERED.**

**SIGNED this 23 day of September, 2015.**

**Stephani W. Humrickhouse**
**United States Bankruptcy Judge**

___

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

| | |
|---|---|
| ANNA SILVANA GALLO | CASE NO. 12-08934-8-SWH |
| DEBTOR | CHAPTER 13 |

| | |
|---|---|
| BANK OF AMERICA, N.A. | |
| Plaintiff | ADVERSARY PROCEEDING NO. 13-00009-8-SWH-AP |
| v. | |
| ANNA SILVANA GALLO, JOHN F. LOGAN, CHAPTER 13 TRUSTEE, and EARNEST GALLO | |
| Defendants. | |

**ORDER REGARDING MOTION FOR SUMMARY JUDGMENT**

The matter before the court in this adversary proceeding is the motion of the plaintiff, Bank of America, N.A. ("BOA") for summary judgment. A hearing took place in Raleigh, North Carolina on April 30, 2015.

## BACKGROUND

Anna Silvana Gallo filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code on December 19, 2012. The debtor and Earnest Gallo, the non-filing spouse and defendant in this matter, own real property at 4418 Samantha Drive, Raleigh, North Carolina (the "Property") as tenants by the entirety. The debtor's Schedule A lists the tax value of the Property as $414,621. In 2006, the debtor and Mr. Gallo entered into an agreement to purchase the Property from its prior owners. On August 30, 2006, the debtor executed a promissory note (the "Note"), made payable to America's Wholesale Lender, predecessor in interest to BOA, in the original amount of $358,000. The promissory note included only the debtor's typed name under the signature line and only the debtor executed the promissory note.

On the same day, two deeds of trust were signed. The debtor executed a deed of trust in favor of America's Wholesale Lender, to secure the Note (the "Deed of Trust"). This Deed of Trust included only the debtor's typed name under the signature line and was only executed by the debtor. In addition, only the debtor signed the settlement statement related to the Note under the "Borrower" signature line. The settlement statement shows that the proceeds of the loan were applied, in part, to a prior lien encumbering the Property, with the balance funding in part the remaining portion of the purchase price for the Property. The second deed of trust was in favor of JP Morgan Chase Bank in connection with an equity line (the "Equity Line Deed of Trust"). Its signature section contained the typed names of both the debtor and Mr. Gallo, and it was executed by both the debtor and Mr. Gallo. On September 1, 2006, a deed transferring title to the Property to the Gallos was recorded with the Wake County Register of Deeds along with both deeds of trust.

On November 16, 2012, BOA filed a complaint in the Superior Court of Wake County, seeking (1) reformation of its Deed of Trust to include Mr. Gallo as a grantor, with such reformation relating back to the date of the recordation of the Deed of Trust, (2) in the alternative, a constructive trust on the title to the Property, such that BOA would have a first position lien on the Property which relates back to the date the deed of trust was recorded, or (3) in the alternative, actual damages in excess of $10,000 arising from the debtor's breach of warranties contained in the Deed of Trust. On November 20, 2012, BOA filed a Notice of Lis Pendens in the Office of the Clerk of Superior Court of Wake County in connection with its complaint involving the Property. After the debtor's bankruptcy filing on December 19, 2012, the state court action was removed to the bankruptcy court on January 17, 2013, thereby initiating the present adversary proceeding.

On March 25, 2013, the debtor filed an answer, counterclaims, and a motion pursuant to Rule 19 of the Federal Rules of Civil Procedure for joinder of the trustee as an interested party in the adversary proceeding. On October 21, 2013, the court entered an order allowing the motion for joinder. After several extensions of procedural deadlines and continuances of the trial date, on February 19, 2014, the court allowed a motion filed by BOA seeking to amend the complaint to include a fourth claim for relief for collection on the debtor's account and asserting a claim of unjust enrichment against Mr. Gallo. On May 13, 2014, the trustee and the debtor filed their answer and counterclaims to the amended complaint, alleging defenses based on the trustee's "strong arm" powers under 11 U.S.C. § 544(a)(1), under which the trustee may achieve priority over certain unperfected security interests. The amended answer also sets forth two counterclaims: the first is that the lis pendens filed by BOA is avoidable under 11 U.S.C. § 547(b) as a preferential transfer,

3

and the second is that the filing of the lis pendens constitutes a fraudulent transfer avoidable under 11 U.S.C. § 548(a)(1).

On May 15, 2014, making his first appearance in this proceeding,[1] Mr. Gallo filed an answer to the complaint setting forth defenses including good faith and the absence of availability of equitable remedies given that the plaintiff did not exercise its legal remedies, and incorporating the debtor and trustee's defenses rooted in 11 U.S.C. § 544(a)(1). After additional consensual extensions of procedural deadlines and continuances of the trial date, BOA filed the present motion for summary judgment on February 10, 2015. BOA contends it is undisputed that the Gallos intended to pledge the Property as collateral for the loan, and therefore the court should allow reformation of the Deed of Trust to reflect the intent of the parties. Specifically, BOA argues that reformation is appropriate because a mutual mistake occurred, in that the Deed of Trust should have been signed by both the debtor and Mr. Gallo, but because of a mistake of the draftsman, Mr. Gallo did not sign. As an alternative avenue for relief, BOA requests the imposition of either a constructive trust or equitable lien upon Mr. Gallos's interest in the Property.

Mr. Gallo asserts that BOA has not demonstrated by clear, cogent and convincing evidence that there was a *mutual* mistake of the parties. According to Mr. Gallo, BOA has not offered any evidence that would establish his submission of the loan application or participation in the loan application process in any meaningful way, nor that he made any agreement with America's

---

[1] Just a few days prior, on May 12, 2014, BOA had filed a motion for entry of default against Mr. Gallo. Mr. Gallo filed a response to that motion on May 15, 2014, stating that he had only recently obtained legal representation, which gave him a better understanding of the significance of the proceeding. The motion for entry of default was later withdrawn.

4

Wholesale Lender, BOA's predecessor in interest. Additionally, Mr. Gallo argues that summary judgment is improper because BOA has not demonstrated that the remedy at law is inadequate.

On March 6, 2015, the chapter 13 trustee filed a motion to authorize a compromise and settlement of BOA's claim, as well as the counterclaims of the debtor and the trustee. The motion was filed with the consent of the debtor and BOA. Mr. Gallo was not a party to the motion or proposed settlement. Pursuant to the motion, the trustee agrees to waive any and all defenses and counterclaims to BOA's complaint, including claims and defenses based on the trustee's strong arm powers pursuant to § 544(a)(1), avoidance of preferential transfers pursuant to § 547(b) and avoidance of fraudulent transfers pursuant to § 548(a)(1)(B)(i)(ii)(I), in consideration of a payment by BOA to the bankruptcy estate in the amount of $45,000. According to the motion, however, payment of the settlement proceeds is contingent upon BOA successfully reforming the Deed of Trust in connection with the motion for summary judgment; if BOA is not permitted to reform the Deed of Trust or is not granted an equitable lien or constructive trust, the parties will retain all claims, counterclaims, and defenses previously asserted. In connection with the motion, on April 8, 2015, the debtor filed an affidavit purporting to attest to the intention of both herself and Mr. Gallo to convey a security interest in the Property to America's Wholesale Lender and its successors in interest by way of the Deed of Trust to BOA, in exchange for the loan. On April 30, 2015, the court entered the order approving the contingent motion to compromise.

## DISCUSSION

Pursuant to Fed. R. Civ. P. 56(c), made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7056, summary judgment may be allowed "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056. Fed. R. Civ. P. 56(c) "mandates the entry of summary judgment[] . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case as to which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In making this determination, all conflicts are resolved by viewing the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). When ruling on a motion for summary judgment, the trial court has an "affirmative obligation . . . to prevent factually unsupported claims and defenses from proceeding to trial." Felty v. Graves–Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987).

BOA's amended complaint seeks an equitable reformation of the Deed of Trust, with such reformation relating back to the time the Deed of Trust was executed and conveyed, for the purpose of confirming what BOA believes to be its valid, first-priority lien in the Property. Under North Carolina law, "[r]eformation is a well-established equitable remedy used to reframe written instruments where, through mutual mistake or unilateral mistake of one party induced by the fraud of the other, the written instrument fails to embody the parties' actual, original agreement." Warren v. Russell, (In re Skumpija), 494 B.R. 822, 831 (Bankr. E.D.N.C. 2013) (citation omitted). Generally, reformation permits a court to "rewrite[ ] a deed to make it conform to the intention of the parties," however, the party seeking reformation must demonstrate "that the terms of the instrument do not represent the original understanding of the parties . . . by clear, cogent and convincing evidence." Id. (citations omitted). It is BOA's position that the Deed of Trust should

6

be reformed to reflect Mr. Gallo's signature because that is what the Gallos and BOA jointly intended.

Even if BOA can satisfy the standard for reformation, however, the trustee has asserted his avoidance powers under §§ 544 and 547, which, if applicable, may preclude reformation of the Deed of Trust. Pursuant to § 544(a)(1), the trustee stands in the position of a hypothetical judgment lien creditor on the petition date, with priority over unperfected security interests as of the petition date. Skumpija v. Abreu (In re Skumpija), 494 B.R. 822, 827 (Bankr. E.D.N.C. 2013). Section § 544(a)(1) therefore enables the trustee to avoid any competing interest it would have priority over as of the petition date, here, the unreformed Deed of Trust signed only by the debtor. See Id.

The question of whether the trustee can avoid the Deed of Trust pursuant to § 544(a)(1) is governed by North Carolina law. Id. at 828 (citing SunTrust Bank, N.A. v. Macky (In re McCormick), 669 F.3d 177, 180-81 (4th Cir. 2012) (finding that § 544(a)(1) "gives the Trustee the status of a hypothetical lien creditor . . . but, while it is the federal law which provides the trustee with his 'strong-arm' power, his exercise of such power and its extent are governed entirely by the applicable state law" (citations omitted)). In North Carolina, in order for a deed of trust to create a lien on real property held as tenants by the entireties, both spouses must execute the deed of trust. See N.C.G.S. § 39-13.6 ("Neither spouse may bargain, sell, lease, mortgage, transfer, convey or in any manner encumber any property so held without the written joinder of the other spouse."); see also Angell v. Echols, 2011 U.S. Dist. LEXIS 141748 at *8 (E.D.N.C. 2011) ("a property owned in tenancy by the entirety may be encumbered only with the written joinder of both spouses"). Because only the debtor executed the Deed of Trust to BOA, and because the debtor and Mr. Gallo own the Property as tenants by the entireties, the Deed of Trust is not in the chain of title, fails to encumber

the Property and is invalid. In light of the invalidity of the Deed of Trust, BOA asserts that reformation would allow for the addition of Mr. Gallo's signature, to correct what it characterizes as a mistake of the draftsman.

Generally speaking, reformation is not available where an intervening lien creditor, without knowledge of the mistake or deficiency, "'has advanced new consideration or incurred some new liability on the faith of the apparent ownership.'" In re Law Developers, LLC, 404 B.R. 136, 140 (Bankr. E.D.N.C. Jun. 24, 2008) (quoting M&J Fin. Corp. v. Hodges, 230 N.C. 580, 582, (55 S.E.2d 201, 202 (1949)); Meade v Bank of Am (In re Meade), Adv. Pro. No. 10-00280-8-JRL, 2011 WL 5909398, at *3. The Bankruptcy Code assumes that the trustee, "acting as a lien creditor, . . . lacks knowledge of the mistake and incurred new liability on the petition date." Meade, 2011 WL 5909398, at *3 (citations omitted). Essentially, "[s]ection 544(a)(1) treats the trustee as having extended credit after recording of the defective deed of trust – i.e., at the commencement of the case, prior to the filing of the petition – and the resulting hypothetical judicial lien cuts off a creditor's reformation rights as of the date the petition was filed." Moore v. OneWest Bank, FSB (In re Moore), Adv. Pro. No. 10–00205, 2011 WL 5902622, at *4 (Bankr. E.D.N.C. Sept. 28, 2011). Thus, the general rule is that the trustee's judicial lien creditor status prevents a creditor from achieving reformation of a defective instrument.

In this matter, however, the chain of title as of the petition date contained a Notice of Lis Pendens filed by BOA on November 20, 2012, in connection with the state court reformation action. The significance of the *lis pendens* as to a bankruptcy trustee is that although the trustee may obtain a lien as a hypothetical judicial lien creditor on the petition date, his interest is subject to the outcome of the underlying proceeding. See Angell v. Faison (In re Faison), 518 B.R. 849, 854

(Bankr. E.D.N.C. Oct. 15, 2014); see also In re Suggs, 355 B.R. 525 (Bankr. M.D.N.C. Oct. 16, 2006), (finding that by virtue of a pre-petition *lis pendens*, a creditor had priority over the trustee's claims as a hypothetical lien creditor); Ivester v. Miller, 398 B.R. 408, 419 (M.D.N.C. 2008) (holding that by filing a *lis pendens*, the holders of an attachment lien, "staked their place in line ahead of other creditors, including the [bankruptcy] Trustee"). Accordingly, the trustee in the present action has an interest in the Property that is subordinate to that of BOA, and cannot avoid BOA's Deed of Trust pursuant to § 544(a)(1).

Nor could the trustee avoid the Deed of Trust under § 544(a)(3), acting as a bona fide purchaser of real property. North Carolina law contemplates that "a purchaser of land will examine each recorded deed or other instrument in his chain of title, and charges him with notice of every fact affecting his title which such an examination would disclose." Hensley v. Ramsey, 283 N.C. 714, 730 (N.C. 1973). This principle has been extended to every "document" in the chain of title. See Deutsche Bank Trust Co. (In re Rose), Adv. Pro. No. 08-00080-8-JRL, 2009 Bankr. LEXIS 2337, at *6 (Bankr. E.D.N.C. July 20, 2009). The court finds that the *lis pendens* filed by BOA would alert a bona fide purchaser to the action affecting title to the Property that was initiated in state court against the Gallos. See also Hill v. Pinelawn Memorial Park, Inc., 304 N.C. 159, 165 (N.C. 1981) ("While actual notice of another unrecorded conveyance does not preclude the status of innocent purchaser for value, actual notice of pending litigation affecting title to the property does preclude such status.") Thus, the *lis pendens* gave the trustee constructive notice of pending litigation affecting title to the Property, binding the trustee to the outcome of the pending action. See Angell v. Faison (In re Faison), 518 B.R. 849, 856 (Bankr. E.D.N.C. Oct. 15, 2014). The trustee is therefore precluded from avoiding the Deed of Trust under § 544(a)(3).

9

Adding yet another layer to the facts in this matter, however, the *lis pendens'* filing on November 20, 2012 occurred within 90 days of the petition date of December 19, 2012, and the trustee therefore seeks to avoid the *lis pendens* as a preferential transfer pursuant to § 547(b). Section 547(b) provides for avoidance of a transfer made

> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made –
>     (A) on or within 90 days before the date of the filing of the petition; or
>     (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
> (5) that enables such creditor to receive more than such creditor would receive if –
>     (A) the case were a case under chapter 7 of this title;
>     (B) the transfer had not been made; and
>     (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b). Courts have expressed divergent opinions as to the interpretation of § 547(b) in this context. See Wells Fargo Funding v. Gold, 432 B.R. 216 (E.D. Va. 2009) (collecting cases reaching opposite conclusions as to whether the filing of a *lis pendens* constitutes an avoidable transfer pursuant to § 547(b)). This court finds that the filing of the *lis pendens* by BOA within 90 days of the petition date is a transfer that can be avoided under § 547(b) under several theories. First, under the theory that property rights are similar to a bundle of sticks, the *lis pendens* is a preferential transfer of the debtor's interest in property to the extent that it perfected or created any additional rights to the Property. The recording of the *lis pendens* affects possession and interests in the Property, in that it prevents subsequent purchasers from acquiring superior rights in the Property. See Doub v. Hartford (In re Medlin), 229 B.R. 353 (Bankr. E.D.N.C. Dec. 17, 1998).

Thus, upon recording the *lis pendens*, BOA had a superior interest over any prospective purchaser because the it had obtained "some of the sticks in the bundle."

Second, although the Bankruptcy Code's definition of "transfer" in § 101(54)[2] does not specifically include the filing of a *lis pendens*, § 547(e)(1) provides additional guidance as to the meaning of the term "transfer" for purposes of § 547(b). Under § 547(e)(1), a transfer is perfected "when a bona fide purchaser of such property from the debtor . . . cannot acquire an interest that is superior to the interest of the transferee." 11 U.S.C. § 547(e)(1)(A). As previously discussed with regard to the inability of the trustee to avoid the Deed of Trust under § 544(a)(3), by virtue of the filing of the *lis pendens*, BOA obtained an interest in the Property superior to that of a bona fide purchaser of real property. Therefore, the filing of the *lis pendens* constitutes a transfer for purposes of § 547.

Third, although the *lis pendens* itself may not constitute a traditional transfer of property, if the filer of a *lis pendens* is successful in the underlying lawsuit, any lien or other property interest obtained would relate back to the time of the filing of the *lis pendens*. As such, if the court were to allow BOA to reform the Deed of Trust, the resulting lien would be in place as of the filing date of the *lis pendens*, November 20, 2012, which was within 90 days of the petition date of December 19, 2012, and therefore avoidable as a preferential transfer. Thus, for any of these reasons, the *lis pendens* can be avoided pursuant to § 547.[3] As a result, the trustee is no longer precluded from

---

[2] Section 101(54) provides, "[t]he term 'transfer' means – (A) the creation of a lien; (B) the retention of title as a security interest; (C) the foreclosure of a debtor's equity of redemption; or (D) each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with – (i) property; or (ii) an interest in property." 11 U.S. C. § 101(54).

[3] Because the court finds avoidance under § 547(b) appropriate, it is not necessary to reach the trustee and debtor's second counterclaim for avoidance pursuant to §548.

avoiding the Deed of Trust under § 544(a)(1), as a judicial lien creditor. It follows that BOA's reformation rights were abolished as of the petition date by the trustee's hypothetical judicial lien. In the alternative to reformation, BOA sought the imposition of a constructive trust or equitable lien on the Property. However, the court need not address whether the Property was impressed with a constructive trust, in light of the trustee's strong arm powers under § 544(a). Under that section, the trustee occupies the same position as a hypothetical bona fide purchaser of real property, taking free and clear of this type of equitable claim. See Wells Fargo Funding v. Gold, 432 B.R. 216, 220 (E.D. Va. 2009). The court therefore has no basis upon which to grant BOA a constructive trust or equitable lien.

Based on the foregoing, it is ordered:

1) BOA's motion for summary judgment on its claims for reformation and constructive trust/equitable lien is **DENIED**.[4]

2) The Defendants are **GRANTED** summary judgment on their defense under § 544(a)(1) and their counterclaim seeking avoidance of the *lis pendens* pursuant to § 547 and the Clerk of Superior Court of Wake County is directed to cancel the *lis pendens* of record dated November 20, 2012.

**END OF DOCUMENT**

---

[4] BOA asserted two additional causes of action in its complaint as amended: breach of warranty and collection of account against the debtor and unjust enrichment against Mr. Gallo. Although BOA's motion for summary judgment seeks judgment as a matter of law on "all issues," its memorandum in support of the motion discusses only reformation and the constructive trust/equitable lien theory, and only requests summary judgment on these grounds. During the hearing, the unjust enrichment ground was only mentioned in passing. Thus, inasmuch as BOA did not expressly seek summary judgment as to these claims, this order does not resolve them.